KING, Judge,
concurring.
I concur in the result reached in the majority opinion.
In my opinion the State of Louisiana, through the Department of Transportation and Development, was not negligent in any way and the sole proximate cause of the accident was the negligence of Ms. La-Croix.
I further agree that LSA-R.S. 9:2791 and La.R.S. 9:2795 are applicable to the State who were the owners of the culvert and bridge where the accident occurred. See Pratt v. State, 408 So.2d 336 (La.App. 3rd Cir.1981), writ den., 412 So.2d 1098 (La. 1982). However, if the State did not own or have a servitude or right-of-way, lease, or occupy the creek and creek bed where the accident occurred these statutes would not be applicable nor would there be any basis for liability of the State under the facts of this case. While the majority applies these statutes to this case, under the rationale employed by the Louisiana Supreme Court in Keelen v. State, 463 So.2d 1287 (La.1985), I do not agree with the interpretation of the application of these statutes by the Supreme Court in the Keelen case. The Supreme Court has, in my opinion, unduly restricted and limited the intent and purpose of these statutes and has arbitrarily differentiated in the application of these statutes, based on the characteristics and use of the property, to only that property which is situated in the “true outdoors” and being used primarily for recreational purposes. See dissenting and concurring opinions in Fusilier v. Northbrook Excess & Surplus, Inc., 471 So.2d *1252 761 (La.App. 3rd Cir.1985). If these statutes were applied, as in my opinion the legislative history of these statutes indicate they should be, to confer immunity upon owners of all property used for recreational purposes from those who are injured while using such property the courts would not have to engage, as did the Supreme Court in Keelen and the majority in this case, in determining whether or not the property was developed or undeveloped, rural or non-rural, semi-rural or urban, residential or non-residential, or being occasionally or primarily used for recreational purposes before finding these statutes are applicable.